# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60551

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2018

Lyle W. Cayce
Clerk

EDGAR VASQUEZ,

      Petitioner

v.

UNITED STATES PAROLE COMMISSION,

      Respondent

Appeal from the Determination of the
United States Parole Commission
USPC No. 18 USC 4106A

Before KING, HAYNES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

In 2012, a court in Mexico convicted Edgar Vasquez of aggravated kidnapping—with an enhancement for carrying out the crime with violence—and imposed a 20-year sentence. Vasquez was later transferred to the United States under a treaty. *See* Treaty on the Execution of Penal Sentences, U.S.-Mex., Nov. 25, 1976, 28 U.S.T. 7399 (entered into force Nov. 30, 1977). The U.S. Parole Commission then calculated Vasquez's release date and supervised-release conditions as if Vasquez had been convicted of federal kidnapping in a

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60551

United States district court. *See* 18 U.S.C. §§ 1201, 4106A. This appeal raises a single issue: whether the Parole Commission plainly erred by employing a two-level, dangerous-weapon enhancement to calculate Vasquez's advisory guidelines range. *See* U.S.S.G. § 2A4.1(b)(3) (2014). Viewing the entire record, and with the benefit of oral argument, we are not persuaded that the Parole Commission committed "clear or obvious" error. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). We therefore AFFIRM.